UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOEL LIND HERNANDEZ; NILDA ESTHER LIND HERNANDEZ**<br>    Plaintiffs<br><br>                            Vs.<br>**HOSPITAL EPISCOPAL SAN LUCAS GUAYAMA; HOSPITAL EPISCOPAL CRISTO REDENTOR; DR. PEDRO RAMOS CANSECO, his wife JANE DOE CANSECO, and the conjugal partnership constituted between them; PROFESSIONAL PARTNERSHIP X, Y & Z; RICHARD ROE; DOCTOR JOHN ROE; CORPORATIONS X, Y & Z**<br>    Defendants | **CIVIL NO.**<br><br>**PLAINTIFFS DEMAND<br>TRIAL BY JURY** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** plaintiffs through their undersigned attorney and very respectfully **STATE, ALLEGE AND PRAY:**

**I. JURISDICTION**

1.1   The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Section 1332 (a) (1).

1.2   This action is of a civil nature, invoking exclusive of interest and costs a sum in excess of seventy five thousand ($75,000.00) dollars.  Every issue of law and fact alleged herein is wholly between citizens of different states.  Plaintiffs invoke the diversity jurisdiction of this Honorable Court pursuant to the provisions of Article III of the Constitution of the United States.

Joel Lind et al v. Hospital Episcopal San Lucas Guayama et al
Complaint

1.3    The Statute of Limitations was tolled by the filing of a complaint in the Superior Court of Puerto Rico which was filed on December 30th, 2009 and dismissed without prejudice on March 23, 2010.

1.4    Because of plaintiffs lack of information and knowledge regarding all the facts and events that surrounded Mrs. Melba Delgado's death the complaint was filed with the purpose of tolling the statute of limitations in the torts action.

## II.  THE PARTIES

2.1    Co-plaintiff Joel Lind Hernandez is of legal age, is and has been citizen and resident of the state of New York and is domiciled at 1403 Corliss Park, Try, N.Y. 12182.

2.2    Co-plaintiff Nilda Esther Hernandez is the sister of Joel Lind Hernandez, is of legal age, is and has been citizen and resident of the state of New York and is domiciled at 1403 Corliss Park, Try, N.Y. 12182.

2.3    Codefendant Hospital Episcopal San Lucas Guayama is an entity organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in the said Commonwealth of Puerto Rico.

2.4    Codefendant Hospital Episcopal Cristo Redentor is an entity organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in the said Commonwealth of Puerto Rico.

2.5    Codefendant Dr. Pedro Ramos Canseco, his wife and the conjugal partnership

[2]

Joel Lind et al v. Hospital Episcopal San Lucas Guayama et al
Complaint

formed between them are citizens of the Commonwealth of Puerto Rico.

2.6     Codefendants, whose names are unknown to plaintiffs, Richard Roe, Dr. John Roe are citizens of the Commonwealth of Puerto Rico and are jointly and severally liable to plaintiffs.

2.7     Codefendants Corporations X, Y & Z, whose name is unknown to plaintiffs, is an entity organized under the laws of the Commonwealth of Puerto Rico, with its principal place of operation in the said Commonwealth of Puerto Rico.

2.8     Codefendants Professional Partnerships X, Y & Z whose name is unknown to plaintiff, are entities organized under the laws of the Commonwealth of Puerto Rico, with its principal place of operation in the said Commonwealth of Puerto Rico.

### III.   ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.1     On January 7th, 2009, plaintiff Joel Lind Hernandez, 20 years old, was transferred to the Centro Cardiovascular de Puerto Rico y del Caribe from the Hospital Episcopal San Lucas Guayama and/or Hospital Episcopal Cristo Redentor.

3.2     Mr. Lind was admitted to the Cardiovascular Center in critical state, with cyanosis in both legs, suspected endocarditis, renal failure, and had suffered a cerebral vascular accident (CVA) which caused left side hemiplegia, among other conditions.

3.3     On January 24, 2009, after having developed gangrene which did not respond to treatment, both legs were amputated.

3.4     Joel had gone to the Emergency Room at Hospital San Lucas Guayama a.k.a

Joel Lind et al v. Hospital Episcopal San Lucas Guayama et al
Complaint

Hospital Episcopal Cristo Redentor in the early afternoon of January 4th 2009 with complaints of retaining fluids.

3.5     Joel developed intense pain in his right leg early that night for which he was given Demerol and was found with renal failure and in a very delicate state.

3.6     His admission to the Intensive Care Unit was ordered, however there was no bed available so he was kept in the Emergency Room during the night.

3.7     Joel spent all night complaining of unbearable pain in his legs for which he was merely given pain killers without any physician evaluation.

3.8     In the morning of January 5th, his legs were already cyanotic and cold and Joel continued to deteriorate.

3.9     On that day he was finally transferred to the Intensive Care Unit under the service of Dr. Ramos Canseco.

3.10    Despite clear signs and symptoms of an emergency condition which required immediate intervention by specialists to save his legs, since Janaury 4th, Joel was kept in Hospital Episcopal San Lucas Guayama until January 7th, when he was finally transferred to Centro Cardiovascular of Puerto Rico and the Caribbean for life saving treatment.

3.11    Despite having recognized the need to transfer him to an institution with the resources and capabilities needed to treat Joel, he was kept in Hospital Episcopal San Lucas Guayama where he suffered multiple complications, his renal failure progressed, suffered a CVA and total obstruction of the circulation of the lower parts of his legs.

Joel Lind et al v. Hospital Episcopal San Lucas Guayama et al
Complaint

  3.12 Joel's condition deteriorated as a direct consequence of the negligent and/or late treatment given to him by all codefendants, which resulted, among other damages, in the amputation of his two legs and his permanent incapacity.

  3.13 The medical and paramedical personnel of Hospital Episcopal San Lucas Guayama and/or Hospital Cristo, including Dr. Ramos Canseco, caused, by their negligence, his condition(s) and/or allowed it to deteriorate. The management of his condition (s) was one full of gross errors and omissions.

  3.14 As a result of the continued errors and omissions and inadequate and clearly erroneous medical treatment, as well as an evident abandonment and disregard for his well being on the part of Dr. Ramos Canseco, unknown codefendants and the hospital personnel, Joel Lind lost his legs and suffered cerebral and renal damage, among other.

  3.15 The medical treatment given to Joel Lind during his hospitalization at Hospital Episcopal san Lucas Guayama and/or Hospital Episcopal Cristo Redentor was one of evident apathy and disregard for his well being and of abandonment on the part of the physicians and the hospital personnel; there was a lack of monitoring, negligent and inadequate treatment as well as lack of analysis and evaluation of his conditions, thus inhibiting and/or eliminating any possibility of recovery and causing him loss of his legs and other damages.

  3.16 Plaintiffs still lack complete medical records and therefore don't have full knowledge of all the facts relevant to the medical practice nor of all the persons liable for the damages caused to Mrs. Delgado and plaintiffs.

  3.17 In addition the medical record points to alteration and manipulation of the medical record.

Joel Lind et al v. Hospital Episcopal San Lucas Guayama et al
Complaint

3.18   During his hospitalization Joel Lind was treated by the physicians, nurses and paramedical personnel of Hospital Episcopal San Lucas Guayama and/or Hospital Episcopal Cristo Redentor and they are therefore jointly liable to plaintiffs for their negligent acts and/or omissions under the provisions of articles 1802 and 1803 of the Puerto Rico Civil Code.

3.19   Joel Lind's damages were caused by the negligent and /or late treatment that was given to her by all codefendants. Had it not been by all the tortious and negligent acts, errors and omissions of all co-defendants his damages well as plaintiffs' damages should have been avoided.

3.20   Dr. Ramos Canseco, as well as the unknown codefendants, Richard Roe, and Dr. John Roe, are physicians or paramedical personnel who treated the patient before and/or during her hospitalization at Doctor Center Hospital Bayamon and who in some way caused and or contributed Mr. Lind's damages as well as plaintiff's damages and are jointly and severally liable to plaintiffs. The Conjugal partnerships constituted by them with the unknown spouses, are also liable to plaintiffs inasmuch as they benefited from the physicians' acts.

3.21   The Professional Partnerships X, Y & Z are entities formed by the co-defendant physicians with other partners whose identity is at this moment unknown to plaintiffs and who benefited from the tortious acts of the codefendant partner; said entity and its unknown partners are therefore jointly and severally liable to plaintiffs.

3.22   Corporations X, Y, Z are entities whose identity are unknown to plaintiffs at this moment, which was in some way benefited by the tortious acts of one or all co-defendants and/or ordered or in any way had something to do with their tortious actions.

3.23   All codefendants are jointly and severally liable to plaintiffs under article s1802

[6]

and 1803 of the Puerto Rico Civil Code for their torts and negligent acts and omissions, which departed from the standards of medical care and treatment recognized as adequate by the medical profession in light of the modern means of instruction, education and communication, and directly caused and/or contributed to Mr. Joel Lind's damages as well as to injuries suffered by plaintiffs. The conjugal partnership of any codefendant is also liable inasmuch as it benefited from his actions.

      3.24    Plaintiffs also estimate that none of the co-defendants displayed the care nor the previsory measures that a prudent and reasonable man would in such circumstances, thus not offering Mr. Lind the medical attention that was due to him.

      3.25    Codefendant Dr. Ramos Canseco was grossly negligent in his treatment and/or lack thereof. To wit:  lack of supervision and follow up of a patient at risk of complications; failure to adequately interpret laboratories and tests results; failure to insure adequate supervision and monitoring and administration of medications by the hospital personnel; failure to provide Mr. Lind with adequate treatment for his conditions; for negligently placing orders of medications which were contraindicated and/ or inadequate and/or put the patient at risk of developing complications; failure to procure the necessary treatment by specialists and timely transfer. His negligent acts, errors and omissions directly caused and/or contributed to the damages and deterioration suffered by Mr. Lind.

      3.26    Co-defendants Hospitals Episcopal san Lucas Guayama and/or Hospital Episcopal Cristo Redentor.. were  grossly negligent  for not procuring Mr. Lind with competent medical and paramedical personnel for the treatment and correction of his conditions. Their negligent

acts, errors and omissions directly caused and/or contributed to the damages and deterioration suffered by Mr. Lind, who had arrived at the Hospital when his condition was treatable.

    3.27    Co-defendants Hospitals Episcopal San Lucas Guayama and/or Hospital Episcopal Cristo Redentor. are also liable for the negligent and inadequate medical treatment given to the patient by its medical and paramedical personnel; for lack of supervision and monitoring; for the delayed and/or lack of implementation of diagnostic and therapeutic orders by its personnel; ; for allowing scant and deficient medical record keeping and/or alteration and manipulation of the medical record; for allowing practices in the management of the patient in violation of its own protocols of the best practice of medicine; for not procuring timely transfer of the patient to an institution with the resources and capabilities to treat Mr. Lind.. The negligent acts, errors and omissions of their medical, technical, administrative and paramedical personnel directly caused and/or contributed to the damages and deterioration suffered by Mr. Lind.

    3.28    That as a consequence of defendants' negligence herein described plaintiff Joel Lind has suffered enormous damages and emotional anguishes, loss of enjoyment of life, psychological injuries and severe depression and pain. He requests as compensation a sum not less than Five Million ($5,000,000.00) Dollars.

    3.29    In addition, Joel Lind's capacity to generate income to support himself has become partially or totally hindered as a direct consequence of defendants' negligence. Also, he will need medical treatment, care and support for the rest of his life. He requests as compensation for these damages a sum of not less than Ten Million ($10,000,000.00) Dollars.

Joel Lind et al v. Hospital Episcopal San Lucas Guayama et al
Complaint

3.30     As a direct consequence of herein co-defendants gross negligence, plaintiff Nilda Esther Lind Hernandez has suffered, suffers and will forever suffer deep and severe mental and emotional anguishes, severe depression, and loss of enjoyment of life for the loss of his legs, and physical damages and permanent incapacity of her beloved brother.  She requests as compensation for her damages a sum of not less than Two Hundred Thousand ($200,000.00) Dollars.

3.30     All co-defendants are jointly and severally liable under Article 1802 and 1803 of the Civil Code of P.R.

Wherefore, plaintiffs respectfully request from this Honorable Court to:

1.  Grant a judgment against co-defendants for the sums herein requested together with pre-judgment interests, costs and reasonable attorney's fees.

2.  Grant plaintiffs such other relief, as it may deem proper and necessary under the circumstances.

3.  Pursuant to rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs also hereby

[9]

Joel Lind et al v. Hospital Episcopal San Lucas Guayama et al
Complaint

request a trial by jury in this action.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of March, 2011.

**S/Rafael E. García Rodón**
**RAFAEL E. GARCIA RODON**
**USDC-PR No. 129911**
Banco Popular de PR Bldg.
206 Tetúan Street
7th Floor, Suite 701
San Juan, PR 00901
Tel. (787) 722-7788
Fax (787) 722-7748
E-mail:  rgrlaw@gmail.com